UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MUSHTAQ AHMAD,

                     Plaintiff,

          v.

WHITE PLAINS CITY SCHOOL
DISTRICT, *et al.*,

                     Defendants.

No. 18-CV-3416 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

      Pro se Plaintiff Mushtaq Ahmad ("Plaintiff") brings this Action alleging violations of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. §§ 2000e et seq., 42 U.S.C. §§ 1983 and 1985, and the Due Process Clause of the Fourteenth Amendment, as well as a state law claim for breach of contract.  (*See* Third Am. Compl. ("TAC") ¶¶ 56–68 (Dkt. No. 66).)  Plaintiff alleges that Defendants "discriminated . . . and retaliated against [him] in the terms, conditions, and privileges of employment on account of his opposition to race, national origin[,] and religious discrimination," (*id.* ¶¶ 60, 64); "intentionally conspired and colluded[] against Plaintiff and intentionally created a hostile work environment," (*id.* ¶ 62); "terminated Plaintiff's [employment] without a hearing," (*id.* ¶ 66); and intentionally violated a collective bargaining agreement, (*id.* ¶ 68).  Plaintiff seeks a judgment "[d]eclaring that [Defendants'] acts and practices . . . are in violation of Title VII."  (*Id.* at 13.)  By Order dated April 19, 2018, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis.  (*See* Dkt. No. 3.)[1]

---

[1] Pro se plaintiffs are not exempt from paying the full filing fee even when they have been granted permission to proceed in forma pauperis.  *See* 28 U.S.C. § 1915(b)(1).

In a letter dated July 10, 2020 and docketed by the Court on July 13, 2020, Plaintiff informed the Court that due to "chronic health issues and motor vehicle accident injuries," he is unable to file a Response to Defendants' Motion To Dismiss the Third Amended Complaint ("TAC") (the "Motion To Dismiss"). (Pl.'s Mot. for a Stay ("Stay Motion") (Dkt. No. 85).) Plaintiff requests that the Court stay all proceedings in this matter to allow Plaintiff to "recover[] from illness and injuries" or, in the alternative, appoint pro bono counsel on his behalf to respond to the Motion. (*Id.*) Plaintiff also submitted supporting documentation, which the Court has not filed on the docket because it contains sensitive medical information. (*Id.*)

This letter follows a series of requests from Plaintiff for extensions of his deadline to file a Response to the Motion To Dismiss. Plaintiff's Response was originally due on January 21, 2020. (Dkt. No. 68.) On January 6 and 8, 2020, Plaintiff filed his first request for an extension until March 23, 2020, citing "car accident injuries" incurred on December 9, 2019 and "a severe chronic[] illness" as the reasons. (Dkt. Nos. 73–74.) Plaintiff attached supporting documentation, but given that one of the attached documents was a doctor's note stating that Plaintiff was unable to work until January 5, 2020, (*id.*), the Court denied Plaintiff's request for a two-month extension and instead granted a 30-day extension, until February 13, 2020, (Dkt. No. 75).[2] On February 10 and 11, 2020, Plaintiff filed a request for an extension on his Response until April 13, 2020 due to "car accident injuries." (Dkt. Nos. 76–77.) The Court again found that the supporting documentation provided by Plaintiff did not justify a two-month extension, and instead extended Plaintiff's deadline to March 13, 2020, stating that "[t]here w[ould] be no more extensions." (Dkt. No. 78.) Plaintiff did not file a Response by this deadline, and on

---

[2] The attached note, dated November 26, 2019, stated that Plaintiff would be "unable to come to work . . . [until] January 5[,] 2019." (Dkt. No. 73.) The Court assumes that the year 2019 was a typographical error.

2

March 16, 2020, he requested an extension until July 3, 2020, again citing "car accident injuries," such as ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓ as the reason. (Dkt. No. 79.) The Court denied Plaintiff's request, finding that the submitted documentation did not support it, and provided Plaintiff with a due date of April 20, 2020. (Dkt. No. 80.) The Court again noted that there would be "[n]o more extensions." (*Id.*)

However, on May 29, 2020, Plaintiff asked for an extension until July 3, 2020, claiming that he had "still [not] recovered from the [December] car accident injuries," was "still under [the] treatment of two [d]octors and a [p]hysiotherapist," continued to suffer from the aforementioned symptoms, was "jobless" and thus unable to afford "expensive legal search programs," and was unable to leave his home to go to a law library because of the "statewide lockdown" due to the COVID-19 pandemic. (Dkt. No. 81.) The Court informed Plaintiff by way of memo endorsement that the attached documentation did not support his request and reminded Plaintiff that the Court had twice stated that there would be no more extensions. (Dkt. No. 82.) The Court explained that if Plaintiff did not submit a Response by June 30, 2020, it would deem the Motion To Dismiss fully submitted. (*Id.*) Despite these instructions, Plaintiff requested "possibly [his] last extension," until July 31, 2020, in a letter sent via e-mail on June 30, 2020 and docketed by the Court on July 1, 2020. (Dkt. No. 84.) Plaintiff alleged that the stress in "attempt[ing] to meet the Court's June 30, 2020 deadline . . . aggravated ▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, and made his health issues worse than before." (*Id.*) The Court

3

denied Plaintiff's request, noting that the documentation he submitted did not justify his inability to file a Response, and deemed the Motion To Dismiss fully submitted. (Dkt. No. 84.)[3]

After reviewing the supporting documentation, Plaintiff's request for a stay is denied. "The decision to grant or lift a stay is within the broad discretion of the court." *City of New York v. B.L. Jennings, Inc.*, 219 F.R.D. 255, 256 (E.D.N.Y. 2004) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). However, Plaintiff has not established any "compelling" reason the Court should stay this Action. *See id.* Plaintiff's medical records do not establish that he has been unable to effectively prosecute this case since early January and that he remains unable to do so.



Notably, Plaintiff has also requested several extensions and stays in other cases in both the Southern and Eastern Districts of New York over the course of the last year and a half.

---

[3] The Court further notes that this is not the first series of health-based extension requests filed by Plaintiff. (*See* Dkt. Nos. 57 (denying Plaintiff's December 2018 motion for a stay and appointment of pro bono counsel because the medical information provided by Plaintiff did not justify the request); 61 (denying Plaintiff's August 2019 request for a two-month extension to file an amended complaint absent additional detail on why the extension was necessary); 65 (granting Plaintiff's August 2019 request for a two-month extension to file an amended complaint "one last time," based on a doctor's report provided by Plaintiff).)

[4] Because the ▮▮▮▮▮▮ Letters contain Plaintiff's medical information, they are not filed with Plaintiff's accompanying letter on the docket.

(*See* Dkt. Nos. 47, 51, 52, *Ahmad v. N.Y.C. Dep't of Educ.*, Case No. 18-CV-3494 (E.D.N.Y.) (letters from Plaintiff beginning in August 2019 seeking an extension on his opposition to a motion to dismiss due to "severe chronic[] illness" and "car accident injuries").) *See also Ahmad v. East Ramapo Cent. Sch. Dist.*, No. 09-CV-1440, 2018 WL 3222543, at *1 (S.D.N.Y. July 2, 2018), *filing appeal*, No. 18-2317 (2d Cir.) (denying Plaintiff's January 25, 2018 motion to stay the proceedings due to "serious chronic personal illnesses" because "Plaintiff's condition ha[d] not prevented him from filing this and another lengthy motion" (record citations and quotation marks omitted)). Plaintiff's request for a stay is therefore denied.

Plaintiff's alternative request for pro bono counsel is also denied. Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1). Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). When analyzing whether appointment of counsel is appropriate, the Court should undertake a two-step inquiry. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003). First, the Court "'should . . . determine whether the indigent's position seems likely to be of substance.'" *Id.* (quoting *Hodge*, 802 F.2d at 61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (quotation marks omitted)). In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success. *Hodge*, 802 F.2d at 60 (quotation marks omitted). In making this determination, the Court construes pleadings drafted by pro se litigants liberally, and interprets them to raise the strongest arguments that they

5

suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Sommersett v. City of New York*, 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010).

If the threshold requirement is met, the Court should proceed to consider other prudential factors such as Plaintiff's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that []he is unable to obtain counsel before appointment will even be considered." (quotation marks omitted)); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

Regarding the first prong of the two-step inquiry outlined in *Hodge*, for the purposes of the instant request for appointment of counsel, the Court construes Plaintiff's Third Amended Complaint liberally and assumes it has "some likelihood of merit" such that it satisfies the threshold requirement. *Johnston*, 606 F.3d at 41 (quotation marks omitted). Turning to the

second inquiry regarding prudential factors, however, the Court finds that Plaintiff has not shown why he needs counsel.

First, Plaintiff does not explain whether he has sought to obtain counsel in this matter at all before asking the Court to appoint counsel. Because Plaintiff has not demonstrated that he made any effort to engage counsel, his request must be denied. *See Walsh v. Buchanan*, No. 11-CV-1206, 2013 WL 145041, at *3 (D. Conn. Jan. 11, 2013) ("The possibility that the plaintiff may be able to secure legal assistance or representation independently precludes appointment of counsel by the court at this time."); *Anderson v. Romano*, No. 08-CV-559, 2009 WL 702818, at *1 (S.D.N.Y. Mar. 13, 2009) (denying the plaintiff's request for appointment of counsel because the plaintiff "ha[d] not indicated to the [c]ourt . . . that he made any effort to engage counsel prior to making the . . . application").

Second, putting aside Plaintiff's failure to demonstrate he has attempted to obtain counsel, Plaintiff cannot satisfy step two of the inquiry regarding prudential factors without providing the Court further information on why he needs counsel. Plaintiff's letter requests counsel in order to file his Response to the Motion To Dismiss, which he states he is unable to complete due to "chronic health issues and motor vehicle accident injuries." (Pl.'s Mot. To Stay 1.) However, upon reviewing Plaintiff's medical documentation, the Court finds that Plaintiff has not met his burden to demonstrate that his illness prevents him from effectively prosecuting his case. Instead, the documentation establishes ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See Douglas v. Salotti*, No. 15-CV-636, 2017 WL 1382094, at *1 (W.D.N.Y. Apr. 18, 2017) (denying appointment of counsel where the "plaintiff has not demonstrated that his [medical issue] presents a permanent hindrance to him prosecuting

his case"); *see also Thousand v. Wrest*, No. 14-CV-6616, 2016 WL 3477242, *6 (W.D.N.Y. 2016) ("[W]hile [the p]laintiff contends that his . . . impairment is a factor weighing in favor of appointment of counsel, it does not appear that such impairment has hindered him."); *Walters v. N.Y.C. Health Hospital Corp.*, No. 02-CV-751, 2002 WL 31681600, *2 (S.D.N.Y. 2002) ("Although a plaintiff's disability can support an application for counsel . . . here . . . it appears . . . that any purported disability has not significantly hampered [the p]laintiff's ability to prosecute his case to date."). Plaintiff's request for pro bono counsel is therefore denied.

For the reasons stated above, Plaintiff's request to stay the proceeding or, in the alternative, for assignment of pro bono counsel, is denied without prejudice. Should circumstances materially change, Plaintiff may renew this request at a later date.

Because this Order discusses sensitive medical information of Plaintiff, the Clerk of Court is respectfully directed to file this Order under seal, to be viewable only by the Court and the Parties, and to simultaneously publicly file a redacted version of this Order. The Clerk of Court is also respectfully directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

DATED:   July 14, 2020
         White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

8