UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MUSHTAQ AHMAD,

                        Plaintiff,

    v.

WHITE PLAINS CITY SCHOOL
DISTRICT, *et al.*,

                        Defendants.

No. 18-CV-3416 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

      On October 13, 2020, the Court adopted a Case Management and Scheduling Order during the initial conference. (Dkt. No. 94.) Initial disclosures were due to be served on or before October 27, 2020 and initial document requests and interrogatories were to be served by November 3, 2020. Defendants have complied with those deadlines, Plaintiff has not. Based on the service date of October 26, 2020, Plaintiff's responses to Defendants' requests were due on or before November 26, 2020. Plaintiff has not responded to such requests or contacted Defendants about when, or if he will respond. Plaintiff has also not responded to Defendants attempts to contact him about the case. (*See* Dkt. Nos. 96, 98.)

      This Court has the authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." *See id.* Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec.*

*Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second Circuit has stated that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations," *see LeSane*, 239 F.3d at 209 (quotation mark omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). The Second Circuit has further cautioned that "pro se plaintiffs should be granted special leniency regarding procedural matters." *LeSane*, 239 F.3d at 209 (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "However, even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the Court gives warning." *Jacobs v. Cty. of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008).

Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Wood v. City of N.Y.*, No. 05-CV-2894, 2007 WL 2049686, at *1 (S.D.N.Y. July 13, 2007) (alterations in original) (quotation marks omitted) (quoting *LeSane*, 239 F.3d at 209); *see also Hibbert v. Apfel*, No. 99-CV-4246, 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) (same). No single factor is dispositive. *See Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

The Court has repeatedly warned Plaintiff that his failure to prosecute the case might result in the dismissal of Plaintiff's claims.  (*See e.g.*, Dkt. Nos. 84, 86, 87, 88, 95.)  Plaintiff has taken no action to prosecute this matter since the status conference held on October 13, 2020.  Instead, Plaintiff requested an additional extension from the Court on October 27, 2020 and the request was denied.  (Dkt. No. 95.)  The Court specifically informed Plaintiff yet again that his failure to continue to prosecute would result in "the possibility that this case may be dismissed."  (*Id.*)  Given that this Court has granted Plaintiff numerous extensions despite the fact that they lacked sufficient support from any credible medical professionals or records and because Plaintiff exhibits a pattern of seeking extensions in other cases on similarly weak grounds, Plaintiff's case is dismissed with prejudice for failure to prosecute.  *See Savatxath v. City of Binghamton*, No. 12-CV-1492, 2013 WL 4805767, at *1 (N.D.N.Y. Sept. 9, 2013) (dismissing case for failure to prosecute after the plaintiff "neglected to comply with an order . . . requiring him to notify the court . . . as to why th[e] action should not be dismissed for failure to prosecute"); *Djokovic v. U.S. Justice Dep't*, No. 07-CV-2608, 2008 WL 3200191, at *1–2 (E.D.N.Y. Aug. 6, 2008) (dismissing case for, among other reasons, failure to prosecute where the plaintiffs were ordered to submit a letter stating "whether [they] intend[ed] to proceed with th[e] action," but plaintiffs failed to submit such a letter); *Lopez v. Catholic Charities of the Archdiocese of N.Y.*, No. 00-CV-1247, 2001 WL 50896, at *4 (S.D.N.Y. Jan. 22, 2001) (dismissing for failure to prosecute where plaintiff "ceased to prosecute [the] action at all" for three months).

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.   The Clerk of Court is  also directed to terminate the pending letter motion (Dkt. No. 96) and close this case.

 SO ORDERED.

3

Dated: February 2, 2021
      White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

4